O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. ED CV 09-02036 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　This matter comes before the Court on Plaintiff's action to review the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff asserted that she was disabled by virtue of back problems and mental impairments, but in this Court has dropped any argument about physical disabilities. The Court finds unpersuasive her arguments about her mental impairments.

　　　　　The Administrative Law Judge found that Plaintiff had severe impairments consisting of anxiety, mood disorder and "history of substance abuse in questionable remission." [AR 11] (The Court is unsure as to how the *history* of a problem constitutes an impairment, but neither party has addressed this matter, so the Court does not either.) Plaintiff's arguments are a bit jumbled in this Court, but the Court discerns the following points.

First, Plaintiff argues that the Administrative Law Judge did not discuss significant and probative evidence, and Plaintiff then goes on to list a variety of pieces of evidence she says that the Administrative Law Judge did not discuss. The Administrative Law Judge is not required to discuss every piece of evidence in the case, however. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (*citing Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) and *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)). He must explain why he rejects significant and probative evidence, if that is the situation, *Vincent v. Heckler, supra*, 739 F.2d at 1395, but he is not required to discuss everything. *Howard, supra.* While Plaintiff lists a variety of documents the Administrative Law Judge did not directly address, she does not assert that the decision necessarily or even likely would have differed had those documents been discussed. Stated another way, there is no reason to believe that something significant and probative was rejected by the Administrative Law Judge.

Second — and this also may be where Plaintiff's first argument was heading — Plaintiff asserts that the Administrative Law Judge needed to develop the record further. Plaintiff asserts that a medical expert was needed to interpret the records, and that the Administrative Law Judge should have re-contacted one of Plaintiff's doctors. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Among the ways to further develop the record is to have an updated consulting examination or to contact the treating physician for further information, as appropriate. 20 C.F.R. §§ 404.1512(e) and (f); 416.912(e) and (f).

The Court does not find Plaintiff's arguments well-taken. Plaintiff seeks to create an ambiguity with respect to the medical records, indicating a question as to whether and when a period of decompensation began. The Administrative Law Judge did not draw the inference Plaintiff suggests, that the absence of treatment caused Plaintiff to decompensate. (Plaintiff's Memorandum in Support of Complaint at 10:21-24, citing AR

15). Rather, the Administrative Law Judge simply stated the facts that Plaintiff did, in fact, stop treatment in January 2009, and two months later was hospitalized. [AR 15] Elsewhere, the Administrative Law Judge noted that Plaintiff had experienced no episodes of decompensation, and had been hospitalized on a psychiatric basis twice in four years. [AR 12 and n.1]. Plaintiff appears to argue that the Administrative Law Judge acted as a doctor, not a judge, but the record does not support that view; the Administrative Law Judge merely assessed the evidence, as she was obligated to do.  Finally, Plaintiff acknowledges that the Administrative Law Judge took her professed limitations into account when fashioning her residual functional capacity, but then criticizes the Administrative Law Judge for doing so, on the grounds that Plaintiff herself might not really know the extent of her impairments. (Plaintiff's Memorandum in Support of Complaint at 13-14.)  In the Court's view, the Administrative Law Judge made adequate adjustments, based on the medical record.

Third, Plaintiff argues that the Administrative Law Judge wrongly found her not to be credible.  As Plaintiff notes, the Administrative Law Judge did say, in part, that Plaintiff's activities were inconsistent with her claims of total disability.  Plaintiff asserts that these activities were not inconsistent with her claims of mental impairments, but in the administrative proceedings Plaintiff claimed that she was physically impaired as well. Thus, it was quite proper for the Administrative Law Judge to conclude that Plaintiff was not credible, and it certainly is appropriate to question a witness' credibility in other areas based on inconsistent statements in this area.  In addition, the Administrative Law Judge pointed out another area of inconsistent testimony, where Plaintiff gave inconsistent statements as to why she stopped working in March 2007.  [AR 14]  Finally, it is worth

///
///
///
///
///

remembering, again, that the Administrative Law Judge adjusted the residual functional capacity to take into account the mental limitations Plaintiff expressed.

The Court finds no reversible error. The decision of the Commissioner is affirmed.

DATED: August 18, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE